UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSEPH MICHAEL JAMES,<br>              Plaintiff,<br><br>              v.<br><br>TIMOTHY E. MACE, et al.<br>              Defendants. | CAUSE NO.: 3:22-CV-1012-TLS-MGG |

**OPINION AND ORDER**

This matter is before the Court on Defendant Mace's Motion to Dismiss for Failure to State a Claim [ECF No. 15], filed on July 27, 2023, and City of Michigan City Defendants' Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 17], filed on August 2, 2023. The Plaintiff has not responded to either motion, and the time to do so has passed. For the reasons set forth below, the Court grants both motions to dismiss.

**MOTION TO DISMISS STANDARD**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing a motion to dismiss, a court considers "the complaint itself" as well as "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)).

## BACKGROUND

On December 12, 2022, the Plaintiff filed a pro se Complaint [ECF No. 1] against Defendants Timothy E. Mace and LaPorte County Jail, along with a Motion to Proceed in Forma Pauperis [ECF No. 2]. The Court deferred ruling on the Motion to Proceed in Forma Pauperis, dismissed the Plaintiff's Complaint without prejudice for failure to state a claim, and granted the Plaintiff leave to file an amended complaint. ECF Nos. 3, 5. On May 30, 2023, the Plaintiff filed an Amended Complaint [ECF No. 8], this time against Defendants Timothy E. Mace, LaPorte County, John Doe 1–5, who are employees of LaPorte County, Dalton Paul Pflughaupt, Kelly Joseph Kennedy, and the City of Michigan City.

In his Amended Complaint, the Plaintiff alleges that while in the custody of LaPorte County Jail between July 19, 2020, *see* Am. Compl. at 2, 13, and July 21, 2020, *see id.* at 6, the Defendants deprived him of drinking water and neglected to give him adequate medical attention, resulting in permanent organ failure, neuropathy in his hands, mental suffering, a reduced lifespan, an amputated foot, and related medical care, *id.* at 7–8. As a result of his injuries, the Plaintiff is requesting $1.85 million for physical healthcare, $1 million for emotional injuries, $250,000 for mental healthcare, and $1 million for "suffering that cannot be avoided." *Id.* at 11.

On July 27, 2023, Defendant Mace moved to dismiss the Plaintiff's Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On August 2, 2023, Defendants City of Michigan City, Kelly Joseph Kennedy, and Dalton Paul Pflughaupt also moved to dismiss the Plaintiff's Amended Complaint for failure to state a claim. Both motions argue that the Plaintiff's claims are barred by Indiana's two-year statute of limitations period applicable to personal injury claims. The Plaintiff did not respond.

## ANALYSIS

**A.    Defendants Mace, City of Michigan City, Kennedy, and Pflughaupt**

The Seventh Circuit Court of Appeals has recognized that a motion to dismiss based on the statute of limitations defense qualifies as a motion to dismiss for failure to state a claim. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (citing *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005)). Thus, if the factual allegations of the complaint establish that the suit is time-barred, a plaintiff may plead himself out of court. *See Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011).

For claims brought under 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations for personal injury claims. *See Savory v. Cannon*, 947 F.3d 409, 413 (7th Cir. 2020) (citing *McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019)). In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34-11-2-4(a).

Although state law supplies the tolling rules, the accrual of § 1983 claims is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *see also Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019). Accrual of a § 1983 claim occurs "when the plaintiff has a complete and present cause of action, . . . that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (internal citations and quotation marks omitted); *see also Savory*, 947 F.3d at 414. In other words, a § 1983 claim accrues "when the plaintiff knows or

3

should know that his or her constitutional rights have been violated." *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005); *see also Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019) (quoting *Serino v. Hensley*, 735 F.3d 888, 591 (7th Cir. 2013)). "To determine when the claim accrues, a court must first identify the plaintiff's injury and then determine when the plaintiff could have sued for that injury." *Logan*, 644 F.3d at 582 (citing *Behavioral Inst. of Ind., LLC*, 406 F.3d at 929).

  Accordingly, whether the Plaintiff's claims are barred by the statute of limitations depends on whether he filed his § 1983 claims within two years after the claims accrued against the Defendants. The Plaintiff alleges in his Amended Complaint that the events at issue occurred in July 2020. Specifically, the Plaintiff alleges that while in the custody of LaPorte County Jail between July 19, 2020, and July 21, 2020, the Defendants deprived him of drinking water and neglected to give him adequate medical attention. The Plaintiff appears to be asserting an Eighth Amendment claim based on cruel and unusual punishment. The Plaintiff could have sued for the injuries after their occurrence in July 2020 because he had knowledge of all the Defendants' actions that allegedly harmed him. Thus, the Plaintiff's claims against the Defendants accrued in July 2020, and the statute of limitations provided him two years from then, until July 2022, to file his claims.

  The Plaintiff did not file his original Complaint against the Defendants until December 12, 2022, five months after the statutory period had expired. In his Amended Complaint, the Plaintiff expresses concern about the statute of limitations and states, "It is my understanding that filing within Indiana State Courts expired at the two-year mark." Am. Compl. at 2. He also states that the time to file his Complaint in this Court would expire on July 19, 2023, and that he is "attempting to file the civil complaint . . . seven months before it becomes too late." *Id.* The Plaintiff's statement that he had until July 19, 2023, to file his Complaint in this Court, a year longer than the time to file in state court, is without citation to authority and is unsupported by

law. *See Savory*, 947 F.3d at 413; *Richards*, 696 F.3d at 637. The Plaintiff has not argued that an exception to the statute of limitation applies. *See Knox v. Cook Cnty. Sheriff's Police Dep't*, 886 F.2d 905, 907 (7th Cir. 1988) ("While the statute of limitations is an affirmative defense, the burden of establishing an exception thereto is on plaintiff."). Therefore, the Plaintiff's claims against Defendants Mace, City of Michigan City, Kennedy, and Pflughaupt are barred by the statute of limitations and must be dismissed.

B.      **Defendants John Doe 1–5 and LaPorte County**

Although Defendants John Doe 1–5 and LaPorte County have not joined in their co-defendants' motions to dismiss, the Court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to "screen the [Amended Complaint] for frivolous or inadequate claims and may dismiss them at any time." *Dodson v. Carter*, No. 3:16-CV-775, 2017 WL 3008808, *5 (N.D. Ind. July 14, 2017) (dismissing claims against Indiana State defendants "even though the Indiana State Defendants did not move to dismiss these claims"). Here, the Court has determined that the Plaintiff's claims are barred by the statute of limitations. !

"Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP,* 559 F.3d 671, 674 (7th Cir. 2009). However, the Seventh Circuit has ruled that "if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground." *Sidney Hillman Health Ctr. of Rochester v. Abbott Laboratories, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015); *see Cancer Found., Inc.*, 559 F.3d at 675–75 ("[D]ismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness.").

The Plaintiff does not allege any distinct injury caused by Defendants John Doe 1–5 or LaPorte County that accrued after the July 2020 events in LaPorte County Jail. Having determined that the Plaintiff filed his claims regarding those events after the two-year period

5

provided by the statute of limitations had expired, the Court must also dismiss the claims against Defendants John Doe 1–5 and LaPorte County.

**C.    Opportunity to Amend**

A court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (stating that the general rule is that "the district court should grant leave to amend after granting a motion to dismiss"). However, a court should not grant leave to amend "where the amendment would be futile." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). As discussed above, the Plaintiff's claims against the Defendants are time-barred. Therefore, any amendments would be futile, and the Plaintiff's claims should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant Mace's Motion to Dismiss for Failure to State a Claim [ECF No. 15] and City of Michigan City Defendants' Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 17]. The Court DISMISSES the Plaintiff's Amended Complaint against all Defendants with prejudice as barred by the statute of limitations.

SO ORDERED on December 12, 2023.

                                            s/ Theresa L. Springmann
                                           JUDGE THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT