UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSEPH MICHAEL JAMES,

    Plaintiff,

    v.

TIMOTHY E. MACE, et al.,

    Defendants.

CAUSE NO.: 3:22-CV-1012-TLS-MGG

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 28], filed on February 5, 2024. For the reasons explained below, as well as the reasons set forth in the dismissal order, the Court certifies, in writing, that this appeal is not taken in good faith and denies the Plaintiff's motion.

## BACKGROUND

The Plaintiff filed this action on December 12, 2022. *See* Compl., ECF No. 1. On May 30, 2023, the Court granted the Plaintiff leave to proceed in forma pauperis. Order, ECF No. 7. The same date, the Plaintiff filed his Amended Complaint [ECF No. 8]. The Plaintiff alleged that he was deprived of drinking water and medical care from July 19, 2020, through July 21, 2020 while in the LaPorte County Jail. *See* Am. Compl. at 7, ECF No. 8. On July 27, 2023, Defendant Timothy E. Mace filed a motion to dismiss [ECF No. 15]. On August 2, 2023, the City of Michigan City moved to dismiss [ECF No. 17]. These Defendants argued that the Plaintiff's claims were barred by Indiana's two-year statute of limitations. *See* Mem. at 2–4, ECF No. 16; Mem. at 2–3, ECF No. 18. The Plaintiff did not file a response to either motion.

On December 12, 2023, the Court dismissed the Amended Complaint with prejudice. *See* Op. & Order, ECF No. 20. The Court determined that the Plaintiff's claims were barred by the statute of limitations. *Id.* at 4. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court likewise determined that the Plaintiff's allegations against the other Defendants were barred by the statute of limitations. *Id.* at 5–6. The Court also found that any amendments would be futile. *Id.* at 6. As such, the Court dismissed the Amended Complaint with prejudice. *Id.*

On January 10, 2024, the Plaintiff filed a request to proceed on appeal in forma pauperis, but the motion was not signed. *See* Mot. at 2, ECF No. 24. On January 18, 2024, the Court struck the unsigned motion. *See* Order, ECF No. 27. Given that the Plaintiff had previously been granted leave to proceed in forma pauperis in the district court, the Court notified the Plaintiff that it was considering whether the appeal was taken in good faith in relation to the request to proceed in forma pauperis on appeal and directed the Plaintiff to identify the issues he would present on appeal. *Id.* at 2.

On February 5, 2024, the Plaintiff filed the instant Motion to Proceed In Forma Pauperis [ECF No. 28]. In it, the Plaintiff appears to argue that equitable tolling should have applied to prevent the expiration of the statute of limitations. *Id.* at 2.

## ANALYSIS

The Plaintiff's appeal is not taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that a party who was permitted to proceed in forma pauperis in the district court action may proceed on appeal in forma pauperis *unless* the district court certifies the appeal is not taken in good faith); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that "bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit").

As explained in the Court's Opinion and Order on the Defendants' Motions to Dismiss, the Plaintiff's claims are barred by the statute of limitations. *See* Op. & Order at 4–6, ECF No. 20. Further, any arguments related to equitable tolling should have been raised in response to the Defendants' motions to dismiss. *See Jack-Kelly v. City of Anderson*, No. 22-3299, 2023 WL 4864828, at *3 (7th Cir. July 31, 2023) (concluding that equitable tolling argument was "waived" because the plaintiff "fail[ed] to raise [the argument] in response to the motion to dismiss"); *Manganello v. Newell Window Furnishings Co.*, No. 90-1427, 1991 WL 72744, at *2 (7th Cir. May 8, 1991) ("Plaintiff did not raise his equitable tolling argument in the district court, therefore, it is waived."). With his claims barred by the statute of limitations and any possible argument likely waived, the Court finds that the appeal is not taken in good faith.

## CONCLUSION

For the reasons explained above, the Court certifies, in writing, that this appeal is not taken in good faith. Thus, the Court DENIES the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 28].

SO ORDERED on February 8, 2024.

s/ Theresa L. Springmann<br>
JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT